THE HONORABLE RONALD B. LEIGHTON

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR WEST,

Plaintiff,

vs.

UNITED STATES SECRETARY OF DEFENSE, HIRAM ARDEN, U.S. ARMY CORPS OF ENGINEERS, WASHINGTON STATE DEPT. OF NATURAL RESOURCES, DOUGLAS SUTHERLAND, CITY OF OLYMPIA, PORT OF OLYMPIA,

Defendants.

Case No.: 07-5580 RBL

ORDER DISMISSING FEDERAL DEFENDANTS; GRANTING SUMMARY JUDGMENT; DENYING LEAVE TO AMEND.

## I. **INTRODUCTION**

Pending before the Court are the following: Plaintiff's Motion for Summary Judgment (Dkt. #27); Plaintiff's Motion for Leave to Amend (Dkt. #39); U.S. Secretary of Defense, Hiram Arden, and U.S. Corps of Engineers' ("Federal Defendants") Motion to Dismiss (Dkt. #28); Washington State Dept. of Natural Resources ("DNR") and Commissioner Douglas Sutherland's Counter-motion to Dismiss (Dkt #35); City of Olympia's ("City") Cross Motion for Summary Judgment and Attorney's Fees (Dkt. # 31); and Port of Olympia's ("Port") Cross Motion for Summary Judgment and Attorney's Fees (Dkt. #38). The Court has reviewed the motions and orders the following:

(1) Federal Defendants' Motion to Dismiss (Dkt. #28) is GRANTED.

(2) Plaintiff's Motion for Leave to Amend (Dkt. #39) is DENIED.

(3) Plaintiff's Motion for Summary Judgment (Dkt. #27 is DENIED.

(4) Defendants DNR, Douglas Sutherland, Port of Olympia, and City of Olympia's Motions for Summary Judgment (Dkts. #35, 38, 31) are GRANTED.

(5) Defendants Port of Olympia and City of Olympia's Motions for Attorney's Fees (Dkts. #38, 31) are DENIED.

As a preliminary note, Plaintiff is *pro se*, and his pleadings and motions must be liberally construed. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Despite applying less stringent standards to *pro se* filings, the Court uses common sense in interpreting the "frequently diffuse" pleadings and motions of *pro se* complainants. *McKinney v. DeBord*, 507 F.2d 501, 504 (9th Cir. 1974). Hence, the Court gives Mr. West's motion all due latitude but review remains within the bounds of common sense.

## II. **FACTUAL BACKGROUND**

Mr. West's complaint appears to arise from permits related to the "Intermodal Infrastructure Enhancement Project," a development plan in the Port of Olympia area. Two facets of this project are at issue here, specifically: (1) DNR permits authorizing the Port of Olympia to dispose of dredged materials at the Anderson/Ketron Open Water Disposal Site; and (2) permits issued by the City to the Port for alterations to a cargo yard to be leased to the Weyerhaeuser Company.

### A. Factual background relating to Anderson/Ketron disposal site

The Anderson/Ketron disposal site is located in Puget Sound, twenty miles from Budd Inlet, where Mr. West "frequently traverses." (Pl.'s Compl., p.3)(Dkt. #1). The DNR issued permits to the Port of Olympia on August 22, 2007, authorizing use of the Anderson/Ketron site for disposing of material dredged from the federal navigation channel in West Bay. The Port completed the dredging work on or before November 10, 2007. There are no pending applications for further use of the site.

Plaintiff claims that the DNR and Douglas Sutherland issued these permits without complying with the Washington State Environmental Policy Act (SEPA), RCW §43.21C.010, because no environmental

impact statement was issued. (Pl. Compl. p.5)(Dkt. #1). Plaintiff also asserts that the dredging work has caused pollution which violates his "right to life" and therefore his First Amendment free exercise of religion. (Pl. Mot. Summ. J., p.5-6). He brings a cause of action under 42 U.S.C. §1983.

Plaintiff also appears to claim that the Port of Olympia has presented a fraudulent claim for federal funds in violation of the False Claims Act (FCA), 31 U.S.C. §3729. (Pl. Compl. pgs.6, 19)(Dkt. #1). Apparently, Plaintiff asserts that the Port knew the Anderson/Ketron permits were void, and thus any request for funds based on those permits must have been fraudulent.

B. Factual background relating to City-Issued Permits

On Sept. 5, 2007, the City issued permits to the Port for grading, paving, and utility work to prepare a cargo yard for lease to the Weyerhaeuser Company. No public notice was issued. Plaintiff challenged the permits at a City Council meeting on October 9, 2007, and subsequently filed an administrative appeal with the Olympia City Hearing Examiner on October 30, 2007. That appeal was dismissed as untimely because it was brought more than fourteen days after the permits were issued, in violation of Olympia Municipal Code, 18.75.020. The City Hearing Examiner dismissed the appeal stating: "[e]ven if the Appellants' claim were accepted [that the City concealed the permits], . . . they still filed their appeal more than 14 days after receiving notice." (Def. City of Olympia Mot. Summ. J., p.11).

Plaintiff states that the Port and City failed to inform him of, and unlawfully concealed, the issue of development permits "on a toxic [sic] waste site," referring to the Port cargo yard. (Pl. Mot. Summ. J., p.4)(Dkt. #27). Plaintiff further asserts that the City has refused to process his appeals. *Id.*

Plaintiff asserts a cause of action under 42 U.S.C. §1983 against the Defendants because the non-disclosure of City-issued permits deprives Mr. West of the right to comment on those permits—violating his First Amendment right to free speech. (Pl. Mot. Summ. J., p.5-6). Further, Plaintiff claims that the City's refusal to process his appeals violates his right to petition the government for redress and his right to due process. *Id*.

Plaintiff also asserts that the "concealment" of permits is the result of a conspiracy among the Defendants to deprive him of his civil rights in violation of 42 U.S.C. §1985. (Pl. Mot. Summ. J., p.5-6).

## III. **PROCEDURAL BACKGROUND**

This Court dismissed a nearly identical complaint by Mr. West last year. *See West v. U.S. Sec'y of Transp.*, Case No. 06-5516 RBL (W.D. Wash. Dec. 12, 2007) (Dkt. #59). After substituting three parties and making minor alterations, Mr. West has re-filed essentially the same suit without curing its deficiencies.

IV. **DISCUSSION**

As a preliminary matter, the Federal Defendants have moved to dismiss and Mr. West concedes. (Pl. Mot. to Amend, p.1). The Court grants the Federal Defendants' Motion to Dismiss (Dkt. #28).

Next, Mr. West requests that all claims in his Complaint be dropped excepting civil rights claims under 42 U.S.C. §1983 and §1985, and those "related to the unlawful expenditure of funds," which, construed broadly, the Court understands as claims under the Washington State Environmental Policy Act (SEPA), RCW §43.21C.010, and a *qui tam* claim under the False Claims Act, 31 U.S.C. §3729.

The DNR and Douglas Sutherland respond that they are exempt from §1983 claims, that there is no evidence of §1985 claims, and that the SEPA claims are barred by the Eleventh Amendment. The Port and City respond that Mr. West has presented no evidence of any §1983 or §1985 claims. All Defendants assert that Mr. West has no standing for any of his claims.

A. Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact-finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

The DNR and Commissioner Sutherland present a Motion to Dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6), rather than a motion for summary judgment. (Dkt. #35). A 12(b)(6) motion, however, is treated as a motion for summary judgment when a court considers, and does not exclude, matters outside the pleadings, and all parties are given reasonable opportunity to present material pertinent to the motion. Fed. R. Civ. P. 12(d). Here, the Court has considered evidence, in the form of emails and memoranda presented by Mr. West, and the DNR and Commissioner Sutherland have responded to his evidence. Thus, the Court considers the DNR and Commissioner Sutherland's motion under the summary judgment framework.

The Court first considers Mr. West's civil rights claims.

B. Summary judgment is granted to Defendants on claims under 42 U.S.C. §1983 because Plaintiff presents no evidence of deprivation of a constitutional or federal statutory right.

Mr. West claims that the Defendants deprived him of his right to free speech, right to freedom of religion, right to petition the government of redress of grievances, and due process rights. In response, the Defendants assert that Mr. West has produced no evidence of any deprivation.

Section 1983, a provision of the Civil Rights Act of 1871, provides a cause of action for, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. §1983. Section 1983 provides no substantive rights but creates the cause of action by which a plaintiff may seek redress for deprivations of rights established elsewhere. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 816 (1985).

To prevail on a §1983 claim, a plaintiff must establish that (1) the defendant acted under "color of law," and (2) that the act alleged deprived plaintiff of a constitutional or federal statutory right. *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002).

Neither a State nor its officers acting in their official capacity are "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Officials may be sued in their personal capacity, but plaintiff must establish a causal connection between the defendant's actions and the deprivation of rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Unlike states,

municipalities are "persons" and are liable when "customs and usages" of the municipality violate §1983. *Id*. at 690.

The Court grants summary judgment to the Defendants as to 42 U.S.C. §1983 claims because they have demonstrated as a matter of law that Mr. West has produced no evidence by which a reasonable fact-finder could return a decision in his favor at trial.

First, claims against the DNR and Douglas Sutherland fail because they are not "persons" within the meaning of §1983. Claims against Mr. Sutherland in his personal capacity fail because Mr. West does not specify any actions by Mr. Sutherland that infringe any of Mr. West's rights.

Second, Mr. West's right to free speech cannot be infringed by failure to issue public notice of construction permits from the City to the Port when no law requires public notification. Indeed, Mr. West cites no such law. Furthermore, even if the permits issued from the City to the Port required public announcement, Mr. West's claim would fall under the Public Records Act, RCW §42.56. Mr. West's effort to convert alleged violations of the Washington State Public Records Act into a deprivation of constitutional or federal statutory rights is unsuccessful here and does not sustain his §1983 claim.

Mr. West's charge that the City and Port have a custom of concealing or destroying permits and records is unsupported. Mr. West is too vague as to what records have been concealed by the City and Port to allow the Court a proper understanding of his claim.

Third, Mr. West presents no evidence that he has been deprived of the right to petition for redress of grievances. Rather, Mr. West has appealed the issuance of these permits to the City Hearing Examiner, the Thurston County Superior Court, and directly to the Washington State Supreme Court. (Myers Decl. 8).

Fourth, Mr. West fails to address his claim of a due process violation beyond alleging it. Due process violations cannot, therefore, support his §1983 claim.

Fifth, Mr. West's claim that Defendants have infringed his right to freedom of religion is simply without merit. It is unsupported in law or fact.

Lastly, Mr. West has no standing as required by Article III of the Constitution. Plaintiff must show three elements to establish standing: (1) injury that is "concrete and particularized," and, "actual and

imminent, not conjectural or hypothetical"; (2) a causal connection between defendant's acts and the injury; and, (3) it must be likely that the injury is redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Even viewing evidence in the light most favorable to Mr. West, the record shows no infringement, concrete or otherwise, of any constitutional or federal rights.

In sum, Mr. West has produced nothing beyond his own conclusory allegations to show that he could meet his burden to establish a deprivation of any constitutional or federal statutory right. Indeed, the only evidence presented by Mr. West is a number of emails and memoranda apparently written by the Port of Tacoma rather than the Port of Olympia. Mr. West's attempt here to transform a battle over construction permits into a constitutional issue is meritless.

C. Summary judgment is granted to Defendants on claims under 42 U.S.C. §1985 because Plaintiff cannot establish any element of that claim.

Mr. West claims that the deprivation of constitutional rights, as addressed in the previous section, is the result of a conspiracy by all named Defendants. Defendants argue that Mr. West presents no evidence as to any element of a §1985 claim.

To prevail on a §1985(3) claim, plaintiff must show four elements: (1) a conspiracy; (2) that the purpose of the conspiracy is to deprive a person or class of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or property or a deprivation of any right or privilege of a citizen. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992), *citing United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29 (1983). The mere allegation of conspiracy, without factual specificity, is insufficient. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1998).

Defendants must be granted summary judgment on §1985 claims because the record is devoid of specific facts showing a conspiracy. Indeed, Mr. West does not address the issue beyond alleging the existence of a conspiracy.

D. Sumary judgment must be granted to Defendants on SEPA claims because Plaintiff's claims are barred by the Eleventh Amendment and Plaintiff presents no evidence.

Mr. West claims that the permits issued by the DNR and Commissioner Sutherland to the Port violated SEPA because no environmental impact statement was performed. The DNR and Mr. Sutherland, in response, argue that SEPA claims are barred by the Eleventh Amendment.

Citizens may sue state governments in federal court only with consent of the state. *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004) (re-iterating that Eleventh Amendment bar extends to suits by citizens of the defendant state as well as citizens of other states). A state's immunity under the Eleventh Amendment is waived only by an unequivocal indication of consent to face suit in a federal court. *Id., citing Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 247 (1985). That immunity extends to state officers when acting on behalf of the state. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142-3 (1993).

Because SEPA contains no unequivocal indication of consent to waive sovereign immunity, Mr. West's claims against the DNR and Commissioner Sutherland are clearly barred by the Eleventh Amendment.

V. **QUI TAM CLAIMS**

Mr. West appears to assert a *qui tam* claim under the False Claims Act (FCA), 31 U.S.C. §3729. The Court understands Mr. West to believe that the Port's dredging work in the federal navigation channel was authorized by permits known to be false and that the work used federal funds. Mr. West concludes, therefore, that any claims to those federal funds by the Port must have been fraudulent. The Port, in response, argues that Mr. West cannot bring a *qui tam* suit *pro se*.

The FCA creates liability for any "person" who, *inter alia*, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval." 31 U.S.C. §3729(a). A relator may bring an action for violation of the FCA for himself and for the Federal Government, 31 U.S.C. §3730(b)(1). Because any adverse judgment obtained by a relator in a *qui tam* action is binding upon the Government, *pro se* litigants may not serve as relators in FCA actions. *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007).

Mr. West is proceeding *pro se* and cannot bring a *qui tam* claim. Even if Mr. West could bring such a claim, he produces no evidence sufficient for a fact-finder to return a decision in his favor. Thus, the Defendants' motions for summary judgment must be granted.

VI. **PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Mr. West requests an extension of time and leave to amend his complaint in order to find additional records "necessary to demonstrate the extent of concealment of evidence . . . ." (Pl. Mot. for Extension of Time, p.1-2). After being served with a responsive pleading, a party may amend his pleading only with opposing party's consent or by the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice requires. *Id.* A pro se litigant must be given leave to amend his complaint and notice of its deficiencies unless it is absolutely clear that deficiencies cannot be cured. *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).

It is absolutely clear that amendment would be futile here. Mr. West seeks to find records in possession of the Port of Tacoma that demonstrate that the Port of Olympia has destroyed or concealed records in "deliberate violation of RCW 42.56." (Pl. Reply to Def.'s Mot. Summ. J., p.3)(Dkt. #40). Obtaining these records may help Mr. West in a state suit under RCW §42.56, but they will not substantiate any claims in this suit.

VI. **ATTORNEY'S FEES**

The Port and City of Olympia have requested attorney's fees pursuant to Federal Rule 11 and 42 U.S.C. §1988.

A. Federal Rule 11

The central purpose of Rule 11 is to deter baseless filings, and thereby streamline the administration and procedure of federal courts. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990). To accomplish this goal, Rule 11 provides for sanctions, not fee shifting. *U.S. ex rel Leno v. Summit Const. Co.*, 892 F.2d 788, 791 n.4 (1989). Its aim is deterrence, and if necessary punishing improper conduct, rather than merely compensating the prevailing party. *Id.*

Rule 11 states, in relevant part:

> By presenting [any paper] to the court . . . an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation.

Fed. R. Civ. P. 11(b) (emphasis added). It is within the discretion of the court to account for "the special circumstances that often arise in *pro se* situations." Fed. R. Civ. P. 11, advisory committee notes.

Though Mr. West's Complaint and Motion for Summary Judgment have no evidentiary support and, further, seem frivolous in light of this Court's dismissal of his nearly identical Complaint on December 12, 2007, *West v. U.S. Sec'y of Transp.*, No. 06-5516 (W.D. Wash. Dec. 12, 2007), the Court weighs heavily Mr. West's *pro se* status and denies sanctions.[1]

B. Attorney's Fees under 42 U.S.C. §1988

Section 1988 provides attorney's fees for the prevailing party in a civil rights action: "[i]n any action or proceeding to enforce a provision of . . . [42 U.S.C.] §1983, [or] §1985, the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988.

The Supreme Court has held that defendants should be awarded attorney's fees only if the plaintiff's claim is, "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christianburg Garment Co., v. Equal Opportunity Employment Comm.*, 434 U.S. 412, 422 (1978); *see also Sherman v. Babbitt*, 772 F.2d 1476, 1478 (9th Cir. 1985).

The Port and City argue that Mr. West has proceeded on the strength of allegation alone. Moreover, they argue this suit is particularly frivolous because, first, it mirrors West's prior dismissed case and, second, his new allegations are "flippant," (e.g., violations of freedom of religion). Lastly, the Port and City argue this suit is part of a larger series of lawsuits designed to harass and intimidate the Defendants. (Def. City of Olympia's Mot. Summ. J., 14).

---

[1] Furthermore, a motion for Rule 11 sanctions must be made separately from any other motion and must be served on the opposing party at least twenty-one days prior to filing the motion with the court in order than a party has the opportunity to withdraw the potentially offending document. Fed. R. Civ. P. 11(c)(2).

Neither the Port nor the City have followed the procedural requirements of Rule 11. They have not served the motion on Plaintiff twenty-one days prior to filing it with the Court and they have not filed the motion separately from any other motion.

Because the Court does not wish to infringe the public policy of encouraging civil rights suits, and because Mr. West does not seem capable of defending himself, the Court denies attorney's fees. Mr. West, however, is cautioned that the leeway extended here will not extend to further filings.

## VII. **CONCLUSION**

The Federal Defendants' Motion to Dismiss is **GRANTED** (Dkt. #28). Because Plaintiff produces no evidence beyond his bare allegations, his Motion for Summary Judgment is **DENIED** (Dkt #27). For the same reasons, summary judgment is **GRANTED** to the DNR, Douglas Sutherland, the Port of Olympia, and the City of Olympia (Dkt. #35, 38, 31). The Port of Olympia and City of Olympia's request for Attorney's Fees under Rule 11 and 42 U.S.C. §1988 is DENIED.

IT IS SO ORDERED.

DATED this 13th day of June, 2008

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE